GARY M. RESTAINO
United States Attorney
District of Arizona
MONICA E. RYAN
NATHANIEL J. WALTERS
Assistant U.S. Attorneys
405 W. Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: Monica.Ryan@usdoj.gov
       Nathaniel.Walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-24-0355-PHX-SPL |
| Plaintiff, | **GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT VICTIM'STATEMENTS AS EXITED UTTERANCES PURSUANT TO FED.R.EVID. 803(2)** |
| vs. | |
| Larry Edward Brown, Jr., | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, respectfully moves this Court *in limine* to admit evidence of statements made by the victim after he was shot by the defendant because the statements are excepted from the rule against hearsay as excited utterances, pursuant to Federal Rule of Evidence 803(2). As such, the United States respectfully requests that the Court admit the victim's statements through testimony from witnesses who heard the victim make the statements. This motion is supported by the following Memorandum of Points and Authorities.

<u>**MEMORANDUM OF POINTS OF AND AUTHORITIES**</u>

**I.    Relevant Facts**

On August 17, 2023, IRS Criminal Investigation agents were at the firearms range at Federal Correctional Institution - Phoenix (FCI-Phoenix) for standard pistol qualifications and classroom training. After training had concluded for the day, Special Agents Patrick Bauer and Larry Edward Brown, Jr., both Use of Force Instructors, were

alone in a small, one-room structure known as "The Tower." At 11:05 a.m., while inside the Tower, the defendant shot Special Agent Bauer. The defendant then ran out of the tower and yelled, "I fucked up, I shot Pat!" Other agents at the scene rushed to assist Special Agent Bauer. While they were in the Tower providing first aid to Special Agent Bauer, other IRS-CI agents heard Special Agent Bauer repeatedly refer to the defendant as "a fucking idiot," and make statements about how he was losing vision, saying that his view of agents surrounding him was getting fuzzy and black. Medical personnel responded to the scene, and the ambulance transporting Special Agent Bauer to the hospital left the scene in at approximately 11:30 a.m.

## II.     LAW & ARGUMENT

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. Relevant evidence is generally admissible. Fed.R.Evid. 402.

Federal Rules of Evidence 801 and 802 generally exclude out-of-court statements offered to prove the truth of the matter asserted where the declarant does not testify and is not subject to cross-examination. However, the Rules provide a variety of circumstances under which such statements are admissible notwithstanding the absence of the declarant at trial. Further, where the statement falls within one or more of the listed exceptions in Rule 803, the statement is not excluded by the rule against hearsay. Fed R. Evid. 803.

The statements made by Special Agent Bauer after he was shot by the defendant clearly fits within the excited utterance exception to the hearsay rule. Federal Rule of Evidence 803(2) defines an "Excited Utterance" as "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Special Agent Bauer's statements are textbook examples of statements by a declarant who was under the stress of excitement caused by a startling event, i.e., being shot by the defendant, a fellow Use of Force Instructor who was aware of, and responsible for enforcing, firearms range safety rules.

The Ninth Circuit recognizes that this exception allows admission of a statement

"relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1175-76 (9th Cir. 2002). A central inquiry is whether the statement was made without opportunity for reflective thought. *Id.*; *Winzer v Hall*, 494 F.3d 1192, 1197-98 (9th Cir. 2007). The statement need not be instantaneous with the event in question. "[T]he standard of measurement is the duration of the state of excitement." *See* Fed. R. Crim. P. 803, advisory committee note.

Special Agent Bauer's statements were excited utterances. An excited utterance is treated as reliable "because it is unlikely that the statements were contrived or the product of reflection." *United States v. Terry-Crespo*, 356 F.3d 1170, 1177 (9th Cir. 2004). Further, these statements are clearly relevant, and thus, admissible.

### III. CONCLUSION

Special Agent Bauer's statements were excited utterances, as defined by Federal Rule of Evidence 803(2). Further, these statements are clearly relevant, and thus, admissible. As such, statements made by Special Agent Patrick Bauer after he was shot should be admitted as evidence in this case.

**PROPOSED LANGUAGE**

Should the Court grant this motion *in limine*, the government respectfully requests that the Court include the following language in its Order:

Statements made by Special Agent Patrick Bauer after he was shot on August 17, 2023, are admitted into evidence.

Respectfully submitted this 14th day of January 2025.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Monica E. Ryan*
MONICA E. RYAN
NATHANIEL J. WALTERS
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 14th day of January 2025, to:

All ECF Participants